FILED
07 DEC -6 PM 1:16
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ESCAMILLA, CDCR #J-06457,<br><br>  Plaintiff,<br><br>vs.<br><br>GEORGE GIURBINO, A. SILVA, R. JOHNSON, M.P. DURAN,<br><br>  Defendants. | Civil No.  07-0353 W (POR)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION;**<br><br>**(2) VACATING JUDGMENT ENTERED OCTOBER 1, 2007;**<br><br>**(3) GRANTING REQUEST FOR MARSHAL SERVICE; AND**<br><br>**(4) GRANTING EXTENSION OF TIME TO SERVE DEFENDANTS PURSUANT TO FED.R.CIV.P. 4(m)**<br><br>[Doc. No. 8-1] |

## I. Procedural History

On February 22, 2007, Carlos Escamilla ("Plaintiff"), a state prisoner currently incarcerated at Kern Valley State Prison in Delano, California filed a civil rights Complaint pursuant to 28 U.S.C. § 1983. At the time Plaintiff filed this action, he did not move to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a); instead he paid the entire $350 civil filing fee on April 24, 2007.

1  Because plaintiffs who prepay the civil filing fee are not considered to be proceeding IFP, they are not automatically entitled to have the U.S. Marshal effect service on their behalf, and they must do so within 120 days provided by FED.R.CIV.P. 4(m). On September 18, 2007, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for "want of prosecution" due to the Plaintiff's apparent failure to serve Defendants within the 120 days required by FED.R.CIV.P. 4(m).

The hearing date was set for October 1, 2007, and because the Court did not receive a proof of service showing that service had been accomplished by the OSC hearing date, the case was dismissed against the defendants, without prejudice [Doc. No. 5]. On December 4, 2007, Plaintiff filed a Motion for Reconsideration [Doc. No. 8].

## II. Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Here, the Court finds that Plaintiff's motion for reconsideration should be granted. In his motion, Plaintiff sets forth the delay in receiving the Court's notice with regard to the OSC due to his incarceration. "'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*,

380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown). Accordingly, the Court **GRANTS** Plaintiff's Motion for Reconsideration and vacates the Judgement entered on October 1, 2007.

### III.  Request for Marshal Service

FED.R.CIV.P. 4(c)(2) provides that "[a]t the request of the plaintiff . . . the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose." FED.R.CIV.P. 4(c)(2). In addition, as noted above, when plaintiffs are granted leave to proceed IFP, the United States Marshal, upon order of the court, is authorized to serve the summons and complaint on the pauper's behalf. *See* 28 U.S.C. § 1915(d); *Boudette*, 923 F.2d at 757; *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1993).

Although Plaintiff paid the initial $350 filing fee when he commenced this action, he may still be eligible to proceed IFP. A request to proceed IFP need not be filed at any particular time, but may be initiated at any stage of a proceeding, since a person who is not an indigent at the commencement of a suit may become one during or prior to its prosecution. *See Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994) ("IFP status may be acquired or lost throughout the course of the litigation"), *aff'd in pertinent part sub. nom, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).

The Court now finds that Plaintiff's Motion for Reconsideration is sufficient to show that he, since the payment of filing fees and commencement of this action, has become unable to execute the service of his own Summons and Complaint. Accordingly, and in order to aid in the timely administration of justice in this matter, he will now be permitted to proceed IFP pursuant to FED.R.CIV.P. 4(c)(2) for purposes of service only.

### IV.  Conclusion

For all the reasons set forth above, **IT IS HEREBY ORDERED** that:

(1)  Plaintiff's Motion to Reconsider the Court's October 1, 2007 Order is **GRANTED** and the Clerk of Court is directed to vacate the Judgment entered on October 1, 2007;

(2) Plaintiff's Request for Marshal Service is **GRANTED**. The Clerk of Court is Directed to provide Plaintiff with an "IFP Package" consisting of: (1) this Order; (2) four certified copies of his Complaint [Doc. No. 1]; (3) a Summons; (4) blank USMS Form 285s for purposes of attempting service upon Defendants;

(3) Plaintiff's Request for an additional extension of time in which to effect service upon Defendants is **GRANTED** pursuant to FED.R.CIV.P. 4(m).[1] The Court will grant Plaintiff an additional sixty days from the date this Order is filed to complete service. Plaintiff shall complete, as accurately and clearly as possible, the USMS Form 285s provided to him, and shall return them to the USMS.

**IT IS FURTHER ORDERED that**:

(4) Pursuant to FED.R.CIV.P. 4(c)(2) and 28 U.S.C. § 1915(d), the U.S. Marshal shall, *within 30 days of receiving Plaintiff's updated USMS Form 285s* effect service of Plaintiff's Complaint and summons upon Defendants as directed by Plaintiff. All costs of service shall be advanced by the United States pursuant to this Order.

DATED: 12/5/07

HON. THOMAS J. WHELAN
United States District Judge

---

[1] *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by FED.R.CIV.P. 4(m), extend time for service retroactively after the 120-day service period has expired).