UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ESCAMILLA,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>GEORGE GIURBINO, et al.,<br>　　　　　　　Defendants. | **CASE NO.07-CV-0353 W(POR)**<br><br>**ORDER (1) ADOPTING IN-PART REPORT & RECOMMENDATION (DOC. NO. 20), AND**<br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS (DOC. NO. 15)** |

On February 22, 2007, Plaintiff Carlos Escamilla ("Plaintiff"), a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the warden of Calipatria State Prison ("Calipatria"), George Guirbino, and three correctional officers, A. Silva, R. Johnson, and M. P. Duran in their individual and official capacities. (*Compl.* at 2, 3.) On February 22, 2008, Defendants filed a Motion to Dismiss Plaintiff's complaint.

On August 8, 2008, Magistrate Judge Louisa S. Porter issued her Report and Recommendation ("Report") recommending that the Court grant in-part and deny in-part Defendants' Motion to Dismiss. The Report also set a September 12, 2008 deadline for objections. On August 21, 2008, Defendants filed objections. Plaintiff did not.

The Court decides the matter on the papers submitted and without oral

argument.  See S.D. Cal. Civ. R. 7.1(d.1).  After a thorough review of the parties' papers and all supporting documents, the Court **ADOPTS IN-PART** the Report, and **GRANTS IN-PART** and **DENIES IN-PART** Defendants' Motion to Dismiss.

I.   BACKGROUND

Plaintiff is a state inmate currently serving a life sentence.  (*Def.'s Mot.* at 1:4.)  On November 21, 2003, an incident occurred at Calipatria in which a prison guard was attacked.  Following the attack, Plaintiff was charged with attempted murder of a peace officer under California Code of Regulations, Title 15, § 3005(c).  (*Id.* at 2:8-11.)  On February 11, 2004, Plaintiff was found not guilty of the attempted murder, but convicted of the lesser included offense of participation in a riot and sentenced to four months of administrative segregation.  (*Id.* at 2:11-12.)  Plaintiff filed two administrative appeals, both of which were denied.  (*Id.* at 2:13-14.)

On March 4, 2005, Plaintiff commenced state habeas proceedings (the "State Habeas").  (*Def.'s Mot.* at 2:15-16.)  Throughout the proceedings, Plaintiff claimed that he was denied due process in the administrative disciplinary action, and that prison officials improperly denied his request for a videotape and photographs of the prison riot during which the guard was attacked.  (*Id.* at 2:16-19.)

After the California Supreme Court denied his state petition, Plaintiff filed a habeas petition in the United States District Court for the Southern District of California (the "Federal Habeas").  (*Def.'s Mot.* at 3:3-4.)  Plaintiff's federal petition raised the same claims as his previous state petition.  (*Id.* at 3:5-7.)  The Magistrate's Report in the Federal Habeas recommended denying the petition without prejudice, thereby allowing Plaintiff to properly file his complaint as a civil rights violation under § 1983, rather than as a habeas petition.  (*Report* at 3.)  However, the U.S. District Court instead considered his petition on the merits.  (*Id.* at 3:8-9.)  On November 2, 2006 the District Court denied the petition.  (*Id.* at 3:8-9.)

After denial of his Federal Habeas, Plaintiff filed this lawsuit alleging that

1  Defendants falsely accused him of participating in the attack on the prison guard
2  because of his skin color, race, native language, and name. (*Compl.* at 9.) Plaintiff also
3  alleges that Defendants conspired to discriminate against him because of his nationality,
4  skin color and race, and that they violated his civil rights. (*Id.* at 15-21, 23-27.) Finally,
5  Plaintiff claims that Defendants intended to cause him emotional distress. (*Id.* at 30-
6  31.)

7  On February 22, 2008, Defendants filed a Motion to Dismiss Plaintiff's complaint.
8  (Doc. No. 15.)  Defendants argued that Plaintiff's claims should be dismissed because
9  (1) the Eleventh Amendment immunizes Defendants in their official capacities from
10 liability for damages; (2) Plaintiff's claims are precluded by res judicata; (3) Plaintiff
11 failed to exhaust his claim that the guards withheld evidence at the administrative
12 proceeding; (4) Plaintiff's complaint fails to state a claim for which relief can be granted
13 under the Eighth and Fourteenth Amendments; (5) Defendants are entitled to qualified
14 immunity; and (6) Plaintiff failed to comply with the California Tort Claims Act. (*Def.'s*
15 *Mot.* at i-ii.)  On April 9, 2008 Plaintiff filed an opposition to Defendants' Motion.
16 (Doc. No. 18.)  Defendants then filed a reply.

17 On August 8, 2008, Magistrate Judge Porter issued the Report, recommending
18 that the Court grant in-part and deny in-part Defendants' motion. On August 21,
19 2008, Defendants filed objections. Plaintiff did not file objections, and he did not
20 respond to Defendants' objections.

22 **II.    LEGAL STANDARD**
23      **A.    Review of Magistrate Judge's Report**
24 A district court's duties concerning a magistrate judge's report and
25 recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the
26 Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  The district court "must
27 make a de novo determination of those portions of the report . . . to which objection is
28 made," and "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

When no objection is made, however, the district court is not required to review the report and recommendation. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise")(emphasis in original); Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1226 (D. Arizona 2003) (concluding that where no objections were filed, the District Court had no obligation to review the magistrate judge's report). This rule of law is well established within the Ninth Circuit and this district. See Wang v. Masaitis, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005)("Of course, de novo review of a R & R is only required when an objection is made to the R & R.")(emphasis added)(citing Renya-Tapia, 328 F.3d 1121); Nelson v. Giurbino, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopted Report without review because neither party filed objections to the Report despite the opportunity to do so, "accordingly, the Court will adopt the Report and Recommendation in its entirety."); see also Nichols v. Logan, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

### B. Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the complaint's sufficiency. See North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). Dismissing a claim under this rule is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); Neitzke v. Williams,

490 U.S. 319, 326-27 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). In reviewing a Rule 12(b)(6) motion, the court assumes all factual allegations are true, and construes them in the light most favorable to the nonmoving party. Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). And the complaint, and all reasonable inferences therefrom, are construed in plaintiff's favor. Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

### III.    DISCUSSION - UNCONTESTED RECOMMENDATIONS

Defendants object only to the extent that the Report did not address Defendants' argument that res judicata precludes Plaintiff's equal protection and due process claims. Because neither party objected to the other recommendations, the Court adopts the following recommendations in the Report:

1. Defendants' Motion to Dismiss is **GRANTED** to the extent Plaintiff is seeking damages against Defendants in their official capacities.

2. Defendants' Motion to Dismiss Plaintiff's due process claim that Defendants wrongfully withheld evidence is **GRANTED**.

3. Defendants' Motion to Dismiss Plaintiff's due process claim regarding his disciplinary hearing against Defendants in their official capacities is **GRANTED**.

4. Defendants' Motion to Dismiss Plaintiff's due process claim regarding his placement in administrative segregation is **GRANTED WITH LEAVE TO AMEND**.

5. Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim is **GRANTED WITHOUT LEAVE TO AMEND.**

6. Defendants' Motion to Dismiss Plaintiff's state tort cause of action is **GRANTED WITH LEAVE TO AMEND**.

7. Defendants' claim of qualified immunity is **DENIED WITHOUT PREJUDICE**.

**IV. DISCUSSION - DEFENDANTS' OBJECTIONS**

Defendants object to the Report on two grounds. First, Defendants argue that the State Habeas decision precludes Plaintiff's due process claims against Defendants in their individual capacities. Defendants also contend that the Federal Habeas and State Habeas decisions preclude Plaintiff's equal protection claim.

**A.  Plaintiff's Due Process Claims.**

In his State Habeas, Plaintiff claimed that his due process rights were violated because prison officials improperly denied his request for a videotape and photographs that would have demonstrated his innocence in the attack on the prison guard. Plaintiff also alleged a due process violation because the evidence presented at the administrative proceeding was insufficient to support a finding that he had participated in the attack. Although these issues were decided in the State Habeas, Plaintiff now seeks to reassert the claims in this case.

In their Motion to Dismiss, Defendants argued that Plaintiff's claims were barred under the federal and the state res judicata doctrine. The Report evaluated only Defendants' federal res judicata argument, and found that Plaintiff's claims against Defendants in their official capacity (but not individual capacity) were barred. Defendants do not challenge this finding; instead, they argue that the Report should have evaluated Plaintiff's claims under state law, which bars the claims against Defendants in their individual capacities.

When both state and federal courts have concurrent jurisdiction over a particular claim, the preclusive effect of the previous judgment is determined by examining the law of the system that rendered the judgment. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 382 (1985) (citing Fed. Deposit Ins. Corp. v. Eckhardt, 691 F.2d 245, 247-48 (6th Cir. 1982));  see also U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 250 (9th Cir. 1992) ("The

preclusive effect accorded a state court judgment in a subsequent federal court proceeding is determined by reference to the laws of the rendering state."). A federal court must apply state res judicata rules to determine if a matter actually litigated in state court may be relitigated in a subsequent federal proceeding. Id.

Although the Court agrees with Defendants that California law should be applied, the State Habeas does not preclude Plaintiff's claims for the reasons stated below.

Under California law, there are four main elements to a res judicata defense: (1) the prior judgment must be final; (2) the judgment must have been rendered on the merits; (3) the party against whom the plea is asserted was a prior party or in privity with a prior party; and (4) the same cause of action is asserted. See, e.g., Burdette v. Carrier Corp., 158 Cal. App. 4th 1668, 1682-84 (2008) (citing Goddard v. Security Title Ins. & Guar. Co., 14 Cal. 2d 47 (1939)). However, California also has special rules regarding which types of habeas rulings are given res judicata effect. A court order denying a petition for habeas corpus has no preclusive effect under California's res judicata jurisprudence. See In re Clark, 5 Cal. 4th 750, 773 (1993) (holding that "a ruling denying a petition [for habeas corpus] is not res judicata as to the issues raised"); see also In re Walker, 147 Cal. App. 4th 533, 549 (2007) ("Although an order granting habeas corpus relief has res judicata effect, and order denying the writ does not.").

Here, Plaintiff's State Habeas petition was denied. Therefore, under California res judicata law, there can be no claim preclusion caused by his previous state petitions. Accordingly, to the extent Plaintiff seeks relief from Defendants in their individual capacities, the Motion to Dismiss Plaintiff's due process claims against Defendants in their individual capacities is **DENIED**.

### B. Plaintiff's Equal Protection Claims.

Plaintiff claims that Defendants violated his equal protection rights by falsely accusing him of attacking a guard on the basis of his race. Defendants' motion argued that Plaintiff's equal protection claims should be dismissed because (1) Plaintiff failed to state a claim and (2) his claims are barred by state and federal res judicata. The Report, however, only provided recommendations on the first argument and did not address the effect of res judicata on Plaintiff's equal protection claim. Defendants therefore object and argue the claim should be dismissed under res judicata.[1]

Federal res judicata law bars relitigation of a claim when there was (1) a final judgment on the merits; (2) the claims or causes of action are the same; and (3) the two suits involve the same parties or their privies. Brown v. Felsen, 442 U.S. 127, 132 (1979). This doctrine also bars the litigation of issues that were actually litigated and issues that could have been litigated but were not. See Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). It is immaterial whether the claims asserted following the judgment were actually pursued in the previous action. U.S. ex rel Barajas v. Northrop Corp., 147 F.3d 905, 909 (9th Cir. 1998). A prior federal habeas petition may have preclusive effect on a subsequent § 1983 action if the issue was litigated and the decision was on the merits. Hawkins v. Risley, 984 F.2d 321, 323 (9th Cir. 1993).

#### 1. Same parties or their privies.

In lawsuits involving government officers, privity exists between officers of the same governmental organization so that a judgment in a suit against one officer precludes a suit by the same plaintiff against other officers of that same government. Fund for Animals v. Lujan, 962 F.2d 1391, 1398 (9th Cir. 1992) (quoting Sunshine

---

[1] Defendants argued that Plaintiff's claims are barred under federal and state res judicata law. As discussed above, a denial of a habeas petition has no preclusive effect under California law. Thus, Plaintiff's equal protection claims are not barred under California law, and the Court will only address the federal res judicata argument.

1 Anthracite Coal Co. v. Adkins, 319 U.S. 381, 402-03 (1940)). However, res judicata
2 does not apply where the parties in the two suits are sued in different capacities.
3 Andrews v. Daw, 201 F.3d 521, 525 (4th Cir. 2000) (quoting Restatement (Second) of
4 Judgments § 36(2) (1982)). A government officer in his official capacity does not
5 represent the same legal right as he does in his individual capacity, and therefore res
6 judicata does not apply. Id.

7 Plaintiff's Federal Habeas petition named George Giurbino, in his capacity as
8 Warden of Calipatria, as the respondent. In the instant action, Plaintiff is suing
9 Defendants A. Silva, George Giurbino, R. Johnson, and M.P. Duran in their official
10 capacity as correctional officers for Calipatria, and in their individual capacities. To the
11 extent Plaintiff seeks relief from Defendants in their official capacities, Plaintiff is
12 seeking relief from the same state agency involved in the Federal Habeas proceeding,
13 Calipatria State Prison. Accordingly, the privity requirement is met with respect to the
14 claims against Defendants in their official capacities.

15 However, to the extent Plaintiff seeks relief from Defendants in their individual
16 capacities, the privity element is not satisfied because Plaintiff's Federal Habeas petition
17 involved only Defendant Giurbino in his official capacity. For this reason, the Court
18 **DENIES** Defendants' Motion to Dismiss Plaintiff's equal protection claims against
19 Defendants Silva, Johnson, Duran and Giurbino in their individual capacities.

20

21     2. <u>Same cause of action or claim.</u>

22 Res judicata applies only when a lawsuit asserts the same claim or cause of
23 action as a pervious suit. Leon, 464 F.3d at 963. Whether two suits assert the same
24 claim or cause of action depends on several factors: (1) whether they arise from the
25 same "transactional nucleus of facts;" (2) whether rights or interests established in
26 the previous litigation would be destroyed or impaired by litigation of a second
27 action; (3) whether the two suits involve infringement of the same right; and (4)
28 whether substantially the same evidence is presented in the two actions. Mpoyo v.

Litton Electro-Optical Systems, 430 F.3d 985, 987 (9th Cir. 2005). The most important factor in determining the preclusive effect of a prior judgment is whether the claims arise out of the same transactional nucleus of operative facts. Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000); see also Mpoyo, 430 F.3d at 988 ("The first criterion controls and assures the two suits involve the same claim or cause of action.").

Plaintiff's Federal Habeas action and his current § 1983 action arise out of the same event: the administrative proceeding at which Plaintiff was convicted of participation in a riot. Additionally, because Plaintiff's equal protection claims are based largely on the same theories advanced in the Federal Habeas, the two lawsuits would involve much of the same evidence. For these reasons, the Court finds that the same cause of action or claim element of the res judicata analysis is satisfied.

### 3. Final judgment.

For a previous action to have a preclusive effect on a subsequent claim, the prior suit must have reached a final decision on the merits. Leon, 464 F.3d at 963. A district court judgment is final for purposes of res judicata. Sosa v. DIRECTV, Inc., 437 F.3d 923, 928 (9th Cir. 2006).

On November 2, 2006, District Court Judge Marilyn Huff denied Plaintiff's habeas petition with prejudice. This denial constitutes a final judgment on the merits. This element of res judicata is thus satisfied. The Court therefore **GRANTS** Defendants' Motion to Dismiss Plaintiff's equal protection claims against Defendants in their official capacities.

### V.  CONCLUSION

For the reasons stated above, the Court **ADOPTS** the findings contained in the Report (Doc. No. 20), and **ORDERS** as follows on the Motion to Dismiss (Doc. No. 15):

1. Defendants' Motion to Dismiss is **GRANTED** to the extent Plaintiff is seeking damages against Defendants in their official capacities.

2. Defendants' Motion to Dismiss Plaintiff's due process claim that Defendants wrongfully withheld evidence is **GRANTED**.

3. Defendants' Motion to Dismiss Plaintiff's due process claim regarding his disciplinary hearing against Defendants in their official capacities is **GRANTED**.

4. Defendants' Motion to Dismiss Plaintiff's due process claim regarding his placement in administrative segregation is **GRANTED WITH LEAVE TO AMEND**.

5. Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim is **GRANTED WITHOUT LEAVE TO AMEND.**

6. Defendants' Motion to Dismiss Plaintiff's state tort cause of action is **GRANTED WITH LEAVE TO AMEND**.

7. Defendants' claim of qualified immunity is **DENIED WITHOUT PREJUDICE**.

8. Defendants' Motion to Dismiss Plaintiff's remaining due process claims under California's res judicata doctrine is **DENIED**.

9. Defendants' Motion to Dismiss Plaintiff's equal protection claims against Defendants in their individual capacities is **DENIED**.

10. Defendants' Motion to Dismiss Plaintiff's equal protection claims against Defendants in their official capacities is **GRANTED**.

Should Plaintiff desire to file an amended complaint, he must do so on or before **November 17, 2008**.

**IT IS SO ORDERED.**

DATED:  September 30, 2008

_____
Hon. Thomas J. Whelan
United States District Judge