UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ESCAMILLA,<br><br>                                    Plaintiff,<br><br>          v.<br><br>GEORGE GIURBINO, Warden; A. SILVA, Correctional Officer; R. JOHNSON, Correctional Sargeant; M.P. DURAN, Correctional Lieutenant,<br><br>                                    Defendants. | Civil No.   07-cv-0353-W (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>**[Document No. 50]** |

On May 21, 2010, Plaintiff, a state prisoner proceeding *pro se*, filed a Notice of Deadline to be Excused and Request for Appointment of Counsel.  (Doc. 50.)  The Court construes this as a Motion for Extension of Time and a Motion for Appointment of Counsel.  For the reasons stated below, the Court hereby **DENIES** without prejudice Plaintiff's Motion for Extension of Time and Motion for Appointment of Counsel.

"[T]here is no absolute right to counsel in civil proceedings."  Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel."  Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).

//

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Burns v. County of King, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, Plaintiff contends Calipatria State Prison has not given him his personal property, including his legal work file, since he was transferred on March 2, 2010. Accordingly, Plaintiff contends he is unable to meet the Court's deadlines and requests an extension of the "deadline with the court." However, Plaintiff fails to specify which deadline he requests the Court to extend. Based thereon, the Court hereby **DENIES** Plaintiff's Motion for Extension of Time without prejudice.

Further, Plaintiff requests the Court to appoint counsel "because of the complexity of the issues" in his case. However, it appears that Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his claims. Plaintiff's pro se pleading has survived the initial screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court's docket reflects that Plaintiff effected service of his Complaint and summons upon Defendants via the U.S. Marshal. See 28 U.S.C. § 1915(d). Further, Plaintiff filed a First Amended Complaint. (Doc. 33.) Accordingly, under the circumstances of this case, the Court finds that Plaintiff has not shown the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

DATED: June 3, 2010

_Louisa Porter_
LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable Thomas J. Whelan
        all parties